IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARVIN BELLAMY,

    Plaintiff,

v.    Civil Action No. 3:18CV137

KEITH DAVIS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

James Bellamy, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] Bellamy names as defendants: Keith Davis, the Warden of Sussex II State Prison (Sussex II); Officer Smith, a correctional officer at Sussex II; and Officer Evans, a correctional officer at Sussex II. The matter is before the Court on Defendant Davis's Motion to Dismiss. For the reasons stated below, the Motion to Dismiss (ECF No. 14) will be GRANTED.

## I. STANDARD FOR MOTION TO DISMISS

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)), *aff'd,* 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570,

2

rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PERTINENT ALLEGATIONS

On February 21, 2015, Bellamy was incarcerated to Sussex II. (ECF No. 1, at 4.)[2] Bellamy was assaulted by four other inmates. (*Id.*) Defendants Evans and Smith responded to the disturbance with their K-9 dogs. (*Id.*) Although Bellamy "was no longer engaged in any acts of disturbance," Defendants Evans and Smith instructed their dogs to attack him. (*Id.*) Defendants Evans and Smith allowed their dogs to continue to attack Bellamy even after Bellamy had surrendered. (*Id.*) Defendant Smith then punched Bellamy in the left eye. (*Id.* at 4–5.) Bellamy demands monetary damages. (*Id.* at 6.)

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization in the quotations from Bellamy's submissions.

3

## III. ANALYSIS

Bellamy's Complaint contains no factual allegation with respect to Defendant Davis. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Thus, Bellamy has failed to state a claim for relief against Davis.

In his Reply, Bellamy contends that Defendant Davis is liable for the actions of his subordinates because "the warden of any prison is very much responsible for everyone who works under him, and what they do." (ECF No. 21, at 5.) Bellamy cannot hold Defendant Davis liable on these grounds. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must [allege] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (noting that the doctrine of *respondeat superior* is inapplicable to § 1983 actions). Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted *personally* in the deprivation of the plaintiff[']s rights." *Vinnedge*, 550 F.2d at 928. Because Bellamy has not done so, the Motion to Dismiss (ECF No. 14) will be GRANTED.

## IV. CONCLUSION AND OUTSTANDING MOTIONS

The Motion to Dismiss (ECF No. 14) will be GRANTED. All claims against Defendant Davis will be DISMISSED.

4

Bellamy has filed a Motion for an Evidentiary Hearing (ECF No. 18) wherein he requests access to a surveillance tape of the incident. Defendants responded by moving for the entry of an order staying discovery. Defendants assert the discovery is premature and should wait until the Court has resolved any preliminary dispositive motion. As the Court has resolved the only outstanding dispositive motion, Defendants' Motion to Stay Discovery (ECF No. 19) will be DENIED.

The parties are reminded discovery is to be conducted on an informal basis. No motion concerning discovery may be filed with the Court until the parties have made a good faith effort to resolve all legitimate discovery disputes. *See* E.D. Va. Loc. Civ. R. 37(E). In filing a motion regarding discovery, Bellamy must also certify that a good faith effort has been made to resolve the discovery matter at issue by conferring with counsel for Defendants regarding the resolution of such matters. Fed. R. Civ. P. 37(a)(1). Bellamy's Motion for an Evidentiary Hearing (ECF No. 18) will be DENIED WITHOUT PREJUDICE. Plaintiff remains free to refile the motion should he be unable to obtain the requested discovery from Defendants Evans and Smith.

Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: 9 Nov. 2018
Richmond, Virginia

/s/ /s/
John A. Gibney, Jr.
United States District Judge