IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MARVIN BELLAMY,

    Plaintiff,

v.                                                                                            Civil Action No. **3:18CV137**

**KEITH DAVIS,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

James Bellamy, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. On February 21, 2015, Bellamy was incarcerated to Sussex II. (ECF No. 1, at 4.)[1] On that date, Bellamy alleges that he was assaulted by four other inmates. (*Id.*) Defendants Evans and Smith responded to the disturbance with their K-9 dogs. (*Id.*) Although Bellamy "was no longer engaged in any acts of disturbance," Defendants Evans and Smith instructed their dogs to attack him. (*Id.*) Defendants Evans and Smith allowed their dogs to continue to attack Bellamy even after Bellamy had surrendered. (*Id.*) Defendant Smith then punched Bellamy in the left eye. (*Id.* at 4–5.) Bellamy demands monetary damages. (*Id.* at 6.)

The matter is before the Court on the Motion for Summary Judgment filed by Defendants Evans and Smith.[2] Defendants move for summary judgment on the ground that Bellamy's claim is barred by the relevant statute of limitations. Bellamy has responded. For the reasons set forth below, the Motion for Summary Judgment (ECF No. 25) will be GRANTED.

---

    [1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization in the quotations from Bellamy's submissions.

    [2] By Memorandum Opinion and Order entered on November 19, 2018, the Court dismissed all claims against Defendant Davis.

# I. SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

## II. ANALYSIS

Because there is no explicit statute of limitations for 42 U.S.C. § 1983 actions, courts borrow the personal injury statute of limitations from the relevant state. *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01–243(A) (West 2019). Hence, Bellamy was required to have filed his Complaint within two years from when the underlying claim accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08cv138,

2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955).

Here, Bellamy's claims accrued as of February 21, 2015, the date Defendants allegedly used excessive force against his person. Bellamy, however, did not file his complaint until February 20, 2018, almost three years later.[3] Thus, the action is barred by the relevant statute of limitations unless Bellamy demonstrates some basis for excusing his late filing.

Although not argued by Bellamy, the United States Court of Appeals for the Fourth Circuit recently concluded the limitation period may be equitable tolled for a prisoner while he exhausts his administrative remedies as required by 42 U.S.C. § 1997e(a). *See Battle v. Ledford*, 912 F.3d 708, 719 (4th Cir. 2019). Nevertheless, even with the benefit of equitable tolling, Bellamy's Complaint remains untimely. The record does not indicate that Bellamy was attempting to exhaust his administrative remedies for his current claim after June of 2015. (*See, e.g.*, ECF No. 28–2, at 23.) Thus, even with the benefit of equitable tolling, Bellamy was required to file his Complaint at the latest, by July 1, 2017. He failed to do so. Accordingly, the action is barred by the statute of limitations. The Motion for Summary Judgment (ECF No. 25) will be GRANTED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 8 August 2019
Richmond, Virginia

/s/ K.
John A. Gibney, Jr.
United States District Judge

---

[3] This is the date that Bellamy executed his Complaint and presumably handed it to prison officials for mailing to this Court. (ECF No. 1, at 6.) Accordingly, Bellamy's Complaint is deemed filed as of that date. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 736 (4th Cir. 1991).

3