IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**MARVIN BELLAMY,**

Plaintiff,

v.   Civil Action No. **3:18CV137**

**KEITH DAVIS, *et al.*,**

Defendants.

## MEMORANDUM OPINION

James Bellamy, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. Bellamy asserted that Defendants Evans and Smith used excessive force against his person. By Memorandum Opinion and Order entered on August 8, 2019, the Court granted Defendants' Motion for Summary Judgment and dismissed the action as barred by the relevant two-year statute of limitations. *See Bellamy v. Davis*, No. 3:18CV137, 2019 WL 3754908, at *1–2 (E.D. Va. Aug. 8, 2019). Bellamy has moved for reconsideration on the ground that the Court should have tolled the limitation period during the time that Bellamy pursued a Virginia Tort Claims action in the Virginia courts concerning the Defendants Evans's and Smith's use of excessive force against his person. (ECF No. 32.) For the reasons set forth below, the Motion for Reconsideration (ECF No. 32) will be DENIED.

### I. Standard for Relief under Rule 59(e)

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an

intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Bellamy does not explicitly address any of the above-recognized grounds for relief in his Rule 59(e) Motion. The Court, however, construes Bellamy's motion to argue that the Court should grant his Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Id.*

## II. Analysis

Prior to filing the present 42 U.S.C. § 1983 action, Bellamy filed a claim under the Virginia Tort Claims Act ("VTCA") regarding the alleged used of excess force by Defendants Evans and Smith. Bellamy contends that the Court should have tolled the limitation period while he pursued a similar action under the VTCA. As explained below, Bellamy fails to demonstrate that the limitation period for his § 1983 action should be tolled while he pursued a similar action under the VTCA.

The United States Court of Appeals for the Fourth Circuit recently explained:

> The Supreme Court has directed that we apply a state's "statute of limitations governing general personal injury actions" when considering § 1983 claims. *Owens v. Okure*, 488 U.S. 235, 251 (1989). A state's limitations and tolling rules are to be followed unless doing so "defeat[s] either § 1983's chief goals of compensation and deterrence or its subsidiary goals of uniformity and federalism."

*Battle v. Ledford*, 912 F.3d 708, 713–14 (4th Cir. 2019) (alteration in original) (parallel citations omitted) (quoting *Hardin v. Straub*, 490 U.S. 536, 539 (1998)). Section 8.01–229(E)(1) of the Virginia Code provides:

> [I]f any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such

action may be brought, and another action may be brought within the remaining period.

Va. Code Ann. § 8.01–229(E)(1) (West 2020). The above provision applies in § 1983 actions. *See Tim Cheng-Chien Chang v. Burford*, No. 85–2224, 1986 WL 17844, at *2 (4th Cir. Oct. 9, 1986); *Canada v. Ray*, No. 7:08cv00219, 2009 WL 2448557, at *3 n.1 (W.D. Va. Aug. 10, 2009). Thus, if Bellamy's prior action under the VTCA against the Commonwealth of Virginia was functionally equivalent to his present § 1983 action against Defendants Evans and Smith, the limitation period would be tolled during the time which the VTCA was pending. The Fourth Circuit, however, has rejected the notion that a plaintiff can "substitute[] a VTCA claim for a § 1983 action." *Battle*, 912 F.3d at 714. The Fourth Circuit concluded,

> the VTCA does not govern suits against state employees like the one [the plaintiff] brings here. Rather, it provides a limited waiver of sovereign immunity that "applies to one type of litigation, tort actions against the Commonwealth." *Ogunde v. Virginia*, 628 S.E.2d 370, 373 ([Va.] 2006). But § 1983 does the reverse: it applies only to state officials, not states themselves. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Because [the plaintiff] could not have substituted a VTCA claim for a § 1983 action, the VTCA's tolling provision cannot be integrated into the federal scheme.

*Id.* at 713–14 (parallel citations omitted). Because Bellamy's prior VTCA was not the functional equivalent his § 1983, it fails to warrant tolling under section 8.01–229(E)(1) of the Virginia Code. Bellamy, therefore, fails to demonstrate that the Court committed any error of law in dismissing his action. Accordingly, Bellamy's Motion for Reconsideration (ECF No. 32) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 29 January 2020
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge